UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABBA SHEIKH-ABUKAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2769 |
| | § | |
| FISERV SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Abba Sheikh-Abukar's objections to Defendant Fiserv Solutions, Inc.'s bill of costs. Doc. 69. Specifically, Plaintiff contends that Defendant's request for "Videotaped Deposition" fees are not taxable under 28 U.S.C. § 1920 "because there is no provision in 28 U.S.C. § 1920 that explicitly allows for the recovery of costs for videotaped depositions." Doc. 69 at 1. Plaintiff cites three cases in support of his contention that "the Fifth Circuit has consistently held that videotaped depositions are not taxable as costs under § 1920(2)." Id. at 2 (citing *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003); *Mota v. University of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998)).

As Judge Lake recently stated in response to an almost identical objection, Plaintiff "fails to recognize that since the Fifth Circuit's decisions in *Gaddis* and *Mota*, § 1920(2) has been amended to state that a court may tax as costs 'fees for printed or electronically recorded transcripts necessarily obtained for use in the case.' . . . Accordingly, the cost for videotaped depositions is now recoverable under § 1920(2)."[1]

---

[1] *Baisden v. I'm Ready Productions, Inc*, No. 4:08-CV-451, --- F.Supp.2d ----, 2011 WL 2559943, *4 (S.D. Tex. June 10, 2011) (quoting 28 U.S.C. § 1920(2), and citing *S & D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed.Appx. 443, 450–451 (5th Cir.2009), cert. denied, ––– U.S. ––––, 130 S.Ct. 1054, 175 L.Ed.2d 883 (2010)

Nevertheless, electronically recorded transcripts still must be "necessarily obtained for use in the case." 28 U.S.C. § 1902(2). The Fifth Circuit has

> consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.
> *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 285 (5th Cir.1991).

Citing authority for the proposition that videotaped and written deposition testimony is "reasonably necessary" in cases in which "it was reasonable to believe that videotapes would be necessary at trial if any of the witnesses were unable to testify in person, or if a witness testified inconsistently with his or her deposition testimony," Judge Lake in *Baisden* found that video depositions were also reasonably necessary in a :complex . . . long and tortuous" copyright infringement case in which witness credibility "was sharply disputed." 2011 WL 2559943, *5 (citing *Ramonas v. West Virginia University Hospitals–East, Inc.*, 2010 WL 3282667, at *8 (N.D.W.Va. Aug. 19, 2010); *Farnsworth v. Covidien, Inc.*, 2010 WL 2160900, at *2 (E.D.Mo. May 28, 2010)).

The Court finds that the same considerations do not apply here. At issue is the video-taped deposition of the Plaintiff, who readily was available for testimony at trial. Additionally, the factual issues in this employment discrimination case were simpler than those presented in copyright or other complex cases. The Court had no need to refer to the videotaped deposition when deciding Defendant's motion for summary judgment and doubts that the videotaped testimony would have been useful at trial.

---

(observing that the Judicial Administration and Technical Amendments Act of 2008 amended § 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts").

Therefore, the Court

**ORDERS** that Plaintiff's objection to Defendant's request for the costs of the videotaped

deposition of the plaintiff is **SUSTAINED** and Defendant's request for that portion of the costs

is **DENIED**.

SIGNED at Houston, Texas, this 26th day of October, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE